# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

FLORIDA HOSPITAL ASSOCIATION,
et al.,

        Plaintiffs,

v.                                    CASE NO. 4:08cv312-RH/WCS

ANA VIAMONTE, etc., et al.,

        Defendants.

_____/

## ORDER DENYING MOTION TO DISMISS

This case presents a challenge to "Amendment 7," a provision recently added to the Florida Constitution through the voter-initiative process. The Amendment gives a patient a right of access "to any records made or received in the course of business by a health care facility or provider relating to any adverse medical incident." Fla. Const. Art. 10 § 25(a). The Amendment provides, however, that the "identity of patients involved in the incidents shall not be disclosed, and any privacy restrictions imposed by federal law shall be maintained." Fla. Const. Art. 10 § 25(b).

The plaintiffs include the Florida Hospital Association (whose members are

hospitals) and the Florida Medical Association (whose members are doctors), as well as individual hospitals and patients. The defendants are Florida state officials: the Surgeon General and Secretary of the Department of Health; the Secretary of the Agency for Health Care Administration; and the Attorney General.

The plaintiffs assert that Amendment 7 violates the federal Constitution and is preempted by federal statutory provisions requiring the confidentiality of certain records. The defendants have moved to dismiss the complaint on four procedural grounds. I deny the motion.

**I**

The defendants first assert that the plaintiffs "have not stated claims against any of these Defendants." Mot. to Dismiss at 1 (R.10.1). The assertion seems to be that these are the wrong defendants for the plaintiffs to sue in order to obtain a ruling on their substantive claims. The motion does not seem to assert that the plaintiffs' claims are substantively unfounded.

The motion fails because each of the defendants has the authority under Florida law to enforce the obligations that Amendment 7 imposes on at least some of the plaintiffs.

First, the Department of Health "may commence and maintain all proper and necessary actions and proceedings" to compel the "performance of any act specifically required by . . . any law of this state relating to public health."

§ 381.0012, Fla. Stat.[1] The statute that implements Amendment 7—Florida Statutes § 381.028—is a "law of this state relating to public health." Because the Department of Health may bring an action to compel performance of the duties created by Amendment 7 and its implementing statute, the Surgeon General and Secretary of the Department of Health, as the agency head, is an appropriate defendant in an action asserting that exercise of the Department's enforcement authority would contravene federal law. *See, e.g., Ex Parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908)

Second, the Agency for Health Care Administration ("AHCA") licenses hospitals and must adopt rules ensuring that they are "operated consistent with established standards and rules." § 395.1055, Fla. Stat. AHCA has adopted a rule requiring a hospital to have a chief executive officer, who must provide for "[c]ompliance with applicable laws and regulations." Fla. Admin. Code § 59A-3.273(2)(a). One applicable law is § 381.028, which implements Amendment 7. If a hospital does not comply, AHCA may levy a fine of up to $1,000 per violation per day. *See* § 395.1065(2)(a), Fla. Stat. The Secretary of AHCA, as the agency head, thus is an appropriate defendant in this action.

Third, the Florida Attorney General has "the powers and duties incident or

---

[1] Citations in this order to the Florida Statutes are to the officially compiled 2008 version.

usual to such office," § 16.01(7), Fla. Stat., including broad discretion to bring a lawsuit to enforce applicable law if he deems it in the public interest. *See Fla. ex rel. Shevin v. Exxon Corp.*, 526 F.2d 266, 270 (5th Cir. 1976) (applying Florida law and collecting cases). In the motion to dismiss, the Attorney General does not deny his authority to bring an action to enforce Amendment 7 or § 381.028 if he chooses. As a state official with enforcement authority, he is an appropriate defendant in this action.

In sum, each of the three defendants has authority to enforce the duties created by Amendment 7 against at least some of the plaintiffs. They are proper defendants.

## II

The defendants next contend that the complaint does not "present an Article III case or controversy." Mot. to Dismiss at 1 (R.10.1). That is incorrect. This is a classic pre-enforcement challenge to government action. The dispute is not hypothetical or speculative; it is, instead, here and now. And the plaintiffs—or their members—are the persons whose ox is being gored.

The plaintiffs say they have received 400 demands for information under Amendment 7. The defendants take no issue with this assertion. Before adoption of the Amendment, the plaintiffs would have refused to provide at least some of the information at issue and would have been within their rights in doing so. Now,

however, they must either provide the information against their wishes or risk a fine or enforcement action at the hands of one or more of the defendants. The defendants have not denied their enforcement authority, and they have made no clear statement disavowing an intent to use it. The plaintiffs' dilemma thus is real. The time for decision is now.

The declaratory judgment statute exists precisely so that a person facing this kind of dilemma can obtain a judicial ruling and thus conform his or her behavior to the law without needlessly forfeiting rights. And injunctive relief is available against an official who has the authority to enforce an invalid provision, could do so immediately, and has not disavowed an intent to act. This case presents a live and ripe case or controversy. *See, e.g., Major League Baseball v. Crist*, 331 F.3d 1177 (11th Cir. 2003) (affirming a declaratory judgment and injunction in favor of parties who had received demands for information based on a state statute that was held to be preempted by federal law).

### III

The defendants next assert that the "association plaintiffs"—the Florida Hospital Association and Florida Medical Association—do not have standing. As the defendants apparently acknowledge, however, the associations have standing to assert the rights of their members in circumstances like these. *See, e.g., Fla. State Conference of NAACP v. Browning*, 522 F.3d 1153, 1160 (11th Cir. 2008). The

associations' members include hospitals and doctors who have received requests for information under Amendment 7.  For the reasons set forth in section II above, the hospitals and doctors have standing.  The associations thus also have standing.

## IV

Finally, the defendants say the plaintiffs have failed to join required parties: the 400 patients who have demanded information under Amendment 7 and the Secretary of the United States Department of Health and Human Services.

Federal Rule of Civil Procedure 19(a)(1) provides:

> A person who is subject to service of process and whose presence will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> > (A) in that person's absence, the court cannot afford complete relief among existing parties; or
> >
> > (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> >
> > > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > >
> > > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

The 400 patients and the HHS Secretary are subject to service of process. Their presence would not deprive the court of subject-matter jurisdiction.  Rule

19(a)(1) thus controls the issue of whether they must be joined as parties. The answer plainly is no.

First, if the plaintiffs succeed in this case on the merits, they will be able to obtain "complete relief" against the existing defendants—a declaration or injunction that insulates the plaintiffs from an enforcement action or fine. Nothing more will be needed to achieve that result. To be sure, the ruling will not bind the absent HHS Secretary or patients, just as judgments typically do not bind nonparties. But there is no need for a ruling that binds the HHS Secretary, because, at least so far as this record suggests, nobody has a dispute with the HHS Secretary. And while the plaintiffs *do* have a dispute with the 400 patients, the fact that a party may still have a dispute with some other person after a lawsuit ends does not make that person a required party. If it did, every person injured in a train wreck would have to join in the same lawsuit, and every affected voter would have to join a reapportionment case. Rule 19 does not require such an unmanageable approach.

Second, the ruling in this case will not "as a practical matter impair or impede" a nonparty's interest, because a nonparty will not be bound by the ruling and will be free to litigate his or her own interest in his or her own case. A court in a later case may or may not choose to follow the ruling in this case for its precedential value, but that of course does not require the potential later litigant's

joinder in this case.  The risk of an adverse precedent simply does not require a person's joinder.  If it did, every person injured in *any* train wreck would have to join in a lawsuit raising the same issues, and every voter affected by *any* disputed reapportionment plan would have to join in a reapportionment case raising the same issues.  Again, Rule 19 does not require such an unmanageable approach.

Third, there is no risk that a ruling in this case will subject anyone to "double, multiple, or otherwise inconsistent obligations."  To the contrary, the plaintiffs seek a clear and consistent resolution of their dispute with the defendants, and this lawsuit should produce one.  If the plaintiffs win, the defendants will be unable to enforce the unconstitutional or preempted portions of Amendment 7 against them.  If the defendants win, there will be no such restriction on their ability to enforce Amendment 7 against the plaintiffs, and the plaintiffs will be unable to defend an enforcement action on the ground that Amendment 7 is unconstitutional or preempted.  The ruling will be binding as among these parties, yielding a clear and consistent result—the very antithesis of "double, multiple, or otherwise inconsistent obligations."

In sum, under the plain terms of Rule 19, the HHS Secretary and the 400 patients who have demanded information from the plaintiffs are not required parties.

Aside from Rule 19, the defendants perhaps suggest that a federal official

must be joined in any lawsuit asserting that a state law violates the federal Constitution or is preempted. That of course is not true. An appropriate federal official sometimes may intervene in a lawsuit to defend a federal law or regulation, and an appropriate state official sometimes may intervene to defend a state law or regulation. That an official may intervene, however, does not mean the official is a required party. To the contrary, the validity of federal or state laws is an issue in lawsuits on a daily basis, and officials often choose not to intervene, even if they could. For example, state laws or other state actions are challenged on the grounds that they violate the federal Constitution in prosecutions in state courts every day, without the joinder or intervention of any federal official. Lawsuits raising preemption issues— including, for example, under the Employee Retirement Income Security Act—go forward every day, without the intervention or joinder of any federal official. The assertion that the HHS Secretary is a required party simply because the plaintiffs raise federal constitutional and preemption issues is far wide of the mark.

## V

This is a classic pre-enforcement challenge to prospective state action that purportedly would be unconstitutional or violate federal law. The occasion for the challenge is the receipt of demands for information that are pending *now*; the dispute will not arise only in the future. The dispute is real, not hypothetical or

speculative.  For these reasons,

    IT IS ORDERED:

    The defendants' motion to dismiss (document 10) is DENIED.

    SO ORDERED on November 26, 2008.

                                                  s/Robert L. Hinkle  
                                                  Chief United States District Judge